IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00115-MR

| | |
|---|---|
| JAMES LARKIN KETCHERSID, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| BRETT MURPHY, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's *pro se* Supplemental Complaint [Doc. 14].

The *pro se* incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Marion Correctional Institution.[1] [Doc. 1]. The Plaintiff previously attempted to amend his Complaint by supplementing it with updated information and allegations. [Doc. 7]. On June 30, 2021, the Court informed the Plaintiff that piecemeal amendment will not permitted and mailed him a form to file a superseding Amended Complaint. [Doc. 11].

---

[1] The Plaintiff is now incarcerated at the Maury Correctional Institution.

The Plaintiff then filed an Amended Complaint [Doc. 13] in which he names as the sole Defendant Brett Murphy, the Marion CI psychologist coordinator, who allegedly denied him adequate mental health care.

The Plaintiff subsequently filed the instant Supplemental Complaint [Doc. 14] in which he seeks to add Defendants who allegedly retaliated against him for filing "this civil case." [Doc. 14 at 3].

The Supplemental Complaint will be stricken. The Plaintiff has already been informed that piecemeal pleading will not be permitted. [Doc. 11]. Moreover, it is impossible for the Plaintiff to have exhausted his retaliation claims because the incidents allegedly occurred after he filed the instant lawsuit. See Porter v. Nussle, 534 U.S. 516 (2002) (the exhaustion of administrative remedies must occur before a civil action is commenced); see, e.g., Meyers v. Clarke, 767 F. App'x 437 (4th Cir. 2019) (affirming summary dismissal of civil rights claims that allegedly occurred one day before, and on the same day, that the complaint was filed because he could not have exhausted his administrative remedies).

The Plaintiff will nevertheless be given another opportunity to amend. He may file a Second Amended Complaint within thirty (30) days of this Order. The Plaintiff must submit the Second Amended Complaint on a § 1983 form, clearly identify the Defendant(s) against whom he intends to

proceed, and set forth facts describing how each Defendant allegedly violated his rights.  See generally Fed. R. Civ. P. 10(a).  Any Second Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Amended Complaint.  If the Plaintiff fails to timely file a Second Amended Complaint in accordance with this Order, the Court will proceed with initial review of the Amended Complaint [Doc. 13].  Any further filing in which the Plaintiff attempts to amend or supplement his allegations piecemeal, regardless of the document's title, will be stricken without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. The Supplemental Complaint [Doc. 14] is **STRICKEN**.

2. The Plaintiff shall file a Second Amended Complaint within **thirty (30) days** of this Order.  If Plaintiff fails to timely file a Second Amended Complaint in accordance with this Order, the Court will proceed on the Amended Complaint [Doc. 13].

3. The Clerk is instructed to mail Plaintiff a blank prisoner § 1983 complaint form along with a copy of this Order.

**IT IS SO ORDERED**.

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge

3

Case 1:21-cv-00115-MR   Document 16   Filed 10/27/21   Page 3 of 3