IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00115-MR

| | |
|---|---|
| JAMES LARKIN KETCHERSID, JR., ) ) Plaintiff, ) ) vs. ) ) BRETT MURPHY, ) ) Defendant. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Amended Complaint. [Doc. 13]. The Plaintiff is proceeding *in forma pauperis.*[1] [Doc. 21].

The *pro se* Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Marion Correctional Institution.[2] [Doc. 1]. Before the Complaint was screened for frivolity, the Plaintiff filed an Amended Complaint [Doc. 13], and then a Supplemental Complaint [Doc. 15], which was stricken. [Doc. 16]. The Plaintiff was given 30 days to file a Second Amended Complaint, and he was informed that, if

---

[1] The Court had initially ordered the prison to transmit the full filing fee from the Plaintiff's prisoner trust account. [Docs. 10, 15]. However, the Plaintiff's account balance fell below the filing fee amount, so partial payment has now been ordered.

[2] The Plaintiff is presently incarcerated at the Maury CI.

he failed to timely file a Second Amended Complaint, the Court would proceed on the Amended Complaint. [Id.]. The Plaintiff has not filed a Second Amended Complaint, and the time to do so has expired. Accordingly, the Amended Complaint is now before the Court for initial review.

The Plaintiff names as the sole Defendant Brett Murphy, the psychologist coordinator at Marion CI, in his individual and official capacities. [Doc. 13 at 2]. The Plaintiff alleges that he was diagnosed in September 2020 with panic disorder, PTSD, anxiety, and depression, and that he was labeled as a Level 3 mental health inmate. [Doc. 13-1 at 2]. He alleges that Marion CI could accommodate only inmates at mental health Levels 1 and 2,[3] and that Defendant Murphy delayed and denied adequate care for his serious conditions, which resulted in severe mental distress, pain, and suffering. [Doc. 13 at 5]. He seeks compensatory, punitive, and nominal damages, and injunctive relief.[4] [Id.; Doc. 13-1 at 8].

---

[3] According to the Plaintiff, Marion CI lacked the services available at Level 3 facilities such as 24/7 access to an on-call psychologist, and mental health classes. [Doc. 13-1 at 2-6, 8].

[4] For injunctive relief, the Plaintiff asks that Level 3 inmates be housed only at Level 3 facilities. [Doc. 13-1 at 8]. This request is moot insofar as the Plaintiff no longer resides at Marion CI. See generally Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991) (a prisoner's transfer moots a § 1983 request for declaratory and injunctive relief when the conditions of which the prisoner claims are unlikely to recur). To the extent that the Plaintiff seeks

2

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

---

prospective injunctive relief, it does not appear that Defendant Murphy, the psychologist coordinator at Marion CI who retired in April 2021, has the authority or ability to provide such relief. [Doc. 13-1 at 6]; see generally Ex Parte Young, 209 U.S. 123 (1908).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A.  Parties

The body of the Amended Complaint refers to individuals who are not named as Defendants in the caption as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a). Such claims are nullities and they are dismissed without prejudice. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the complaint but who were served).

The Plaintiff purports to sue Defendant Murphy, who appears to be a state official, in his individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2

4

(M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims for damages against the Defendant in his official capacity do not survive initial review and are dismissed with prejudice.

Finally, the Plaintiff refers to incidents involving the mental health needs of other inmates. As a *pro se* inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners."); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff attempts to assert claims on behalf of others, they are dismissed with prejudice.

## B. Deliberate Indifference to a Serious Medical/Mental Need

The Plaintiff alleges that Defendant Murphy: refused to transfer him to a facility that could accommodate his Level 3 mental health needs [Doc. 13-1 at 2; Doc. 13-1 at 4]; ignored the Plaintiff's concerns and "persuad[ed] [him] to believe [he] was receiving the correct amount of medical assistance," whereas Murphy was delaying and denying treatment for his "serious medical need of mental health concerns" including suicidal thoughts [Doc. 13 at 4-5; Doc. 13-1 at 1-4]; and told "the Administration" not to take the Plaintiff's complaints seriously because he is a troublemaker [Doc. 13-1 at 4-5].

The Eighth Amendment encompasses a right to medical care for serious medical needs, including psychological needs. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko,

6

535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. 825, 825 (1994). However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852. Further, "mere '[d]isagreements between an inmate and a physician over the inmate's proper medical care' are not actionable absent exceptional circumstances." Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (quoting Wright v. Collins, 766 F.2d 841, 840 (4th Cir. 1985)).

Taking the allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, the Plaintiff has plausibly alleged that Defendant Murphy was deliberately indifferent to his serious medical/ mental health needs. This claim has passed initial review.

## IV. CONCLUSION

In sum, Plaintiff has stated a plausible claim of deliberate indifference to serious medical/mental health needs against Defendant Murphy. The claims for damages against Defendant Murphy in his official capacity are

dismissed with prejudice. The remaining claims are dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 13] has passed initial review against Defendant Murphy for deliberate indifference to serious medical/ mental health needs.

2. The claims asserted on behalf of other inmates, and for damages against Defendant Murphy in his official capacity are **DISMISSED WITH PREJUDICE**.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is respectfully instructed to mail the Plaintiff an Opt-In/Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED.**

Signed: January 19, 2022

Martin Reidinger
Chief United States District Judge